**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KENTON WORKMAN,                      Case No. 1:19cv-479

      Plaintiff,

                                              Bowman, M.J.

  v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.                    **MEMORANDUM OF OPINION
AND ORDER**

Plaintiff Kenton Workman filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error for this Court's review. The parties have consented to disposition of this matter by the Magistrate Judge pursuant to 28 USC §636(c). For the reasons explained below, I conclude that this case should be REVERSED and REMANDED because the finding of non-disability is not supported by substantial evidence in the administrative record and further fact findings is warranted.

**I. Summary of Administrative Record**

In March 2016, Plaintiff filed applications for Supplemental Security Income (SSI) alleging a disability onset date of August 28, 1997 due to mental and physical impairments arising since birth. After Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On March 13, 2018, an evidentiary hearing was held, at which Plaintiff was represented by counsel. (PageID# 82-125). At the hearing, the ALJ heard testimony from Plaintiff and an impartial vocational expert. On September 2018, the ALJ denied Plaintiff application in a written decision. (PageID# 60-74).

The record on which the ALJ's decision was based reflects that Plaintiff was 36 years old at the time his application was filed. (PageID# 72). He graduated high school and has past relevant work as a conveyer off bearer, fast food worker, and dishwasher. (Id.). Plaintiff alleges disability based primary on a seizure disorder. Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "a seizure disorder; degenerative disc disease (DDD) of the lumbar spine; degenerative joint disease (DJD) of the left knee; and depression." (PageID# 69). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work except as follows:

> (1) Occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) limited to performing unskilled, simple, repetitive tasks; (6) occasional contact with co-workers and supervisors; (7) no public contact; (8) no fast paced production work or jobs which involve strict production quotas; and (9) limited to performing, simple, repetitive tasks.

(PageID# 66). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff can perform. (PageID# 73). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to SSI. (PageID# 77-78).

2

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff maintains that the ALJ erred by: 1) failing to properly consider whether Plaintiff's impairments met or equaled the requirements for Listing 11.02; and 2) improperly evaluating Plaintiff's RFC. Upon careful review and for the reasons that follow, the undersigned finds Plaintiff's first assignment of error to be dispositive and well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports

the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . ... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

### B. ALJ Decision is not supported by substantial evidence

As noted above, Plaintiff argues that that the ALJ erred at step three of the evaluation process by failing to properly consider whether Plaintiff's impairments met or equaled Listing 11.02. The undersigned agrees.

In the third step of the analysis to determine a claimant's entitlement to disability benefits, it is the claimant's burden to bring forth evidence to establish that his impairments meet or are medically equivalent to a listed impairment. *Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987). In order to meet a listed impairment, the claimant must show that his impairment meets all of the criteria for that listing. *Hale v. Sec'y of Health and Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987); 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3). If his conditions do not meet a listing, a claimant may prove that they medically equal the criteria of a listing. 20 C.F.R. §§ 404.1525(c)(5), 416.925(c)(5). An impairment or combination of impairments is considered medically equivalent to a listed impairment "if the symptoms, signs and laboratory findings as shown in medical evidence are at least equal in severity and duration to the listed impairments." *Land v. Sec'y of Health and Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986) (per curiam); 20 C.F.R. §§ 404.1526(b), 416.926(b); *see Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) ("A claimant cannot qualify for benefits under the 'equivalence' step by showing that the *overall* functional impact of [his] unlisted impairment or combination of impairments is as severe as that of a listed impairment.") (emphasis added).

The Commissioner's decision will not be upheld where the Social Security Administration "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). At step three, the "ALJ need[s] to actually evaluate the evidence, compare it to [a Listing], and give an explained conclusion, in order to facilitate meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed.Appx. 411, 416; *see Shepard v. Comm'r of Soc. Sec.*, No. 3:14-cv-25, 2015 WL 4554290, at *4 (S.D. Ohio Mar. 24, 2015) (finding that the ALJ only made conclusory statements in his step three analysis that did not facilitate meaningful review allowing the District Court to determine whether the ALJ based their decision on substantial evidence).

Listing 11.02 requires: Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:

A.  Generalized tonic-clonic seizures, occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C), or …

C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:

1. Physical functioning (see 11.00G3a); or
2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
3. Interacting with others (see 11.00G3b(ii)); or
4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
5. Adapting or managing oneself (see 11.00G3b(iv)),

Here, as noted by Plaintiff, the ALJ's entire analysis of Listing § 11.02 is reproduced here: The severity of the claimant's impairments does not meet or medically equal the level of severity of an impairment described in section 1.02 (major dysfunction

6

of a joint(s) due to any cause), section 1.04 (disorders of the spine), section 11.02 (epilepsy, tonic-clonic or dyscognitive), or any other section of Appendix 1, Subpart B, Regulations No. 4. (PageID# 63).

An ALJ's "mere rote recitation of boilerplate language" at Step Three provides an insufficient explanation for a conclusion regarding the meeting of a listing and, thus, requires a remand. *Jones v. Comm'r of Soc. Sec.*, 5:10CV2621, 2012 WL 946997, at *8 (N.D. Ohio March 20, 2012); *Cunningham v. Comm'r of Soc. Sec.*, No. 5:10CV1001, 2012 WL 1035873, at *2 (N.D. Ohio March 27, 2012) (citations omitted) (Baughman, MJ); *Shea v. Astrue*, No. 1:11 CV 1076, 2012 WL 967088, at *10 n. 6 (N.D. Ohio Feb. 13, 2012) (citations omitted); *May v. Astrue,* No. 4:10CV1533, 2011 WL 3490186, at *9 (N.D. Ohio June 1, 2011), report and recommendation adopted by 2011 WL 3490229 (N.D. Ohio Aug. 10, 2011); *Marok*, 2010 WL 2294056, at **4-5. In the instant case, the ALJ merely provided a conclusory recitation of boilerplate language in concluding that Workman's impairments did not meet or equal Listing § 11.02 despite that Workman's counsel specifically argued that Workman's impairments meet or equal this listing.

As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue,* 774 F.Supp.2d 875, 877 (N.D.Ohio 2011); *see also Wilson v. Comm. of Soc. Sec.,* 378 F.3d 541, 544–546 (6th Cir.2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions

7

that he or she makes." *Bailey v. Commissioner of Social Security,* 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2, 1999). *See also Hurst v. Secretary of Health and Human Services,* 753 F.2d 517 (6th Cir.1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82–62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained"). Here, the ALJ's evaluation of the evidence does not build an accurate and logical bridge between the evidence and his conclusion.

Notably, the ALJ's decision simply states, without explanation, that "the severity of Plaintiff's impairments does not meet or medically equal the level of severity of an impairment described in…section 11.02…" (PageID# 63). The Court finds this statement insufficient to satisfy the ALJ's duty to discuss the evidence and provide an 'explained conclusion.'" *Id.* at *12 (quoting *Reynolds*, 424 F. App'x at 416); *see also Jones v. Comm'r of Soc. Sec.*, No. 5:13-cv-02087, 2014 WL 4715727, at *11 (N.D. Ohio Sept. 22, 2014) (finding that ALJ's statement that "no treating or examining physician has indicated findings that would satisfy the severity requirements of any listed impairment" was insufficient to allow the court to conduct meaningful review). In the wake of *Reynolds* and *Burbridge*, "numerous district courts have vacated and remanded ALJ decisions" due to "the failure to conduct a meaningful step three analysis which evaluates the medical evidence [and other relevant records], compares it to the applicable listing, and provides an 'explained conclusion' as to why the claimant's impairments fail to meet or equal a listed impairment." *See Taltoan*, 2014 WL 5795561, at *11 (collecting cases). The same approach is warranted here.

8

The Commissioner, however, contends that the ALJ made sufficient findings elsewhere in his decision that support his step three finding. As such, the Commissioner contends that the ALJ's decision should not be reversed solely because he did not discuss the evidence in the section that Plaintiff thinks was required. *See Ison v. Comm'r of Soc. Sec.,* No. 2:16-cv00464, 2017 WL 4124586 (S.D. Ohio Sept. 18, 2017) (explaining that "[t]he Sixth Circuit does not require remand where an ALJ provides minimal reasoning at step three of the five-step inquiry.") (quoting *Forrest,* 591 F. App'x at 364). In this regard, the Commissioner notes that when evaluating Plaintiff's seizure disorder, the ALJ acknowledged that he reported one seizure in 2015, two seizures from December 2015 through April 2016 and three seizures in July 2016. (PageID # 68). However, the ALJ explained that no seizure activity was reported until April 2017. (PageID # 68). The ALJ then noted that the last reports of seizure activity occurred in June 2017. (PageID # 68). However, at that time, Plaintiff said his seizures were under better control with the current regimen. (PageID # 68, citing PageID # 651). The ALJ acknowledged that Plaintiff was involved in an accident in January 2018, after having a seizure. (PageID # 68). However, the ALJ explained that despite this activity, Plaintiff continued to live on his own with minimal assistance from his family and friends. (Id.).

Plaintiff, however, contends that treating neurologist Dr. Wadhwa noted in February 2016 that Workman had been under his care for a seizure disorder for a "long duration" and that he had been unable to maintain gainful employment due to "sporadic" seizure control. (PageID# 472). Dr. Wadhwa also documented in April 2017 that Workman reported six (6) seizures since his last visit three (3) months prior in January

9

2017—arguably listing level frequency—despite that he was compliant in taking his medication during that time. (PageID# 760). Workman had been biting his tongue and was having trouble sleeping. (Id.) An EEG that same month (April 2017) was mildly abnormal secondary to paroxysmal bisynchronous slowing. (PageID# 783). The record further shows that Workman continued to experience several seizures over the next several months despite medication compliance. (PageID# 501, 505, 528, 606).

He was then hospitalized from January 25, 2018 to January 26, 2018 after a seizure while driving caused him to back into another car at a red light. (PageID# 852). Workman was noted to be unresponsive in his car when police/EMS responded. Id. Seizure activity was observed after being placed in the ambulance. Id. He was subsequently provided with Versed, which abated his seizure activity, but in route to the Emergency Department he had another seizure episode and was provided with another dose of Versed. Id. He was postictal and unable to provide his medical history. Id. His most recent EEG showed epilepsy. Id. In light of the foregoing, Plaintiff contends that his frequency and severity of seizures over consecutive-month time periods (in combination with his other severe impairments) arguably met or equaled Listing 11.02(A) and/or §11.02(C).

Although the Commissioner argues that the ALJ's determination should be upheld because the record evidence elsewhere does not establish that Plaintiff satisfied the criteria for Listing 11.02, the ALJ included no such analysis in the decision, and this Court "cannot engage in *post hoc* rationalizations. Notably, (arguments [crafted by defense counsel] are of no consequences, as it is the opinion given by an administrative agency

10

rather than counsel's '*post hoc* rationale' that is under the Court's consideration." (quotation omitted)); *accord Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 192 (6th Cir. 2009).

Accordingly, remand is necessary because the Court cannot determine whether the ALJ's conclusions—cursory as they were—find support from substantial evidence. *Kump v. Comm'r of Soc. Sec.*, No. 1:14CV2384, 2015 WL 7774303, at *9 & n.1 (N.D. Ohio Dec. 2, 2015) ("In sum, the decision does not allow the Court to follow the ALJ's reasoning with regard to the evidence....Thus, the Court is unable to conduct a meaningful review, and remand is warranted so that the ALJ may provide a more thorough analysis."); *Feliciano v. Colvin*, No. 3:14-01449, 2015 WL 5124046, at *11 (M.D. Tenn. Sept. 1, 2015) (finding that "more appropriate course" was to vacate and remand the case "for a discussion of the evidence and an explanation of reasoning" behind benefits denial), *Rep. & Recommendation adopted sub nom. Feliciano v. Soc. Admin.*, No. 3:14-011449, 2015 WL 567894, at *1 (M.D. Tenn. Sept. 23, 2015); *Feliciano v. Soc. Admin.*, No. 3:14-011449, 2015 WL 567894, at *1 (M.D. Tenn. Sept. 23, 2015).

### III. Conclusion

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994) (citations omitted). In a sentence four remand, the Court makes a final

11

judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher,* 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of his alleged onset date. Id. at 176.

For the reasons explained herein, **IT IS ORDERED THAT**: the decision of the Commissioner to deny Plaintiff SSI benefits is **REVERSED** and this matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this opinion. As no further matters remain pending for the Court's review, this case is **CLOSED**.

       /s Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge